# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| CHARLES GORDON LEBLANC, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:07cv171 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Charles Gordon LeBlanc, Jr., an inmate confined at the Conally Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### Factual Background

On February 12, 2003, in the 260th Judicial District Court for Orange County, Texas, following a plea of not guilty, petitioner was convicted of Murder. Petitioner was sentenced to a life sentence in the Texas Department of Criminal Justice. Petitioner appealed his conviction and sentence to the Tenth District Court of Appeals. The judgment of the trial court was affirmed on August 18, 2004. Petitioner filed a petition for discretionary review which was denied on February 2, 2005.

Petitioner filed a state application for writ of habeas corpus on April 17, 2006. The application was denied by the Texas Court of Criminal Appeals on March 7, 2007.

### The Petition

Petitioner brings this petition for writ of habeas corpus alleging the following three grounds for review: (1) he was denied due process by the state appellate courts; (2) trial counsel provided ineffective assistance because he failed to make proper objections and made statements during opening argument which infected the jury and deprived petitioner of a fair trial; and (3) appellate counsel provided ineffective assistance because he failed to properly raise grounds for review.

Standard of Review

Title 28 U.S.C. § 2254(a) allows a district court to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Section 2254 prohibits a petitioner from relitigating issues that were adjudicated on the merits in state court proceedings, with two exceptions. 28 U.S.C. § 2254(d). The first exception allows a petitioner to raise issues previously litigated in the state court in federal habeas proceedings if the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The second exception permits relitigation if the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

If a state court adjudicated a state prisoner's claim for a writ of habeas corpus on the merits, federal courts view the petitioner's claim through the "lens" of the scheme laid out in 28 U.S.C. § 2254(d). *Barrientes v. Johnson*, 221 F.3d 741, 772 (5th Cir. 2000), cert. denied, 121 S.Ct. 902 (Feb. 7, 2001). Under this scheme, with respect to questions of fact, Federal courts are not to grant a writ of habeas corpus unless the state court's adjudication on the merits "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). And in any federal habeas proceeding involving a state prisoner, leaving aside the distinction between procedural and merits-based denials, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Likewise, if a state court has resolved on the merits an issue of law or a mixed issue of law and fact, the district court is not to grant a writ unless the resulting decision was "contrary to, or

involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A decision is "contrary to" established federal law if the state court "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if the state court decides a case differently than the Supreme Court did on "materially indistinguishable" facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court "unreasonably applies" clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* at 407-408. *See also Neal v. Puckett*, 286 F.3d 230 (5th Cir. 2002).

The Supreme Court held that when determining unreasonableness of the application of federal law the standard is objective: "Stated simply, a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 120 S.Ct. at 1521-22. Second, the Court emphasized that the "most important point" of the *Williams* decision is the critical distinction between an unreasonable application of federal law and a merely "incorrect" or "erroneous" application of federal law. *Id.* at 1522-23. "Because section 2254(d) places a new constraint on a federal habeas court and demands greater deference to state courts, [a federal court has] no authority to grant habeas corpus relief simply because [it] concludes, in [its] independent judgment, that a state supreme court's application of [relevant law] is erroneous or incorrect." *Neal*, 286 F.3d at 236.

Analysis

*Due Process*

The Texas courts' rejection of petitioner's sufficiency of the evidence claim is not contrary to or an unreasonable application of clearly established Federal law nor is it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. The standard set forth and applied by the court of appeals in addressing petitioner's legal sufficiency claim is essentially the same federal due process standard used to assess a sufficiency of the evidence claim in a federal habeas corpus proceeding.

3

In *Jackson v. Virginia,* 443 U.S. 307, 325, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the Supreme Court held that in order to be entitled to relief on a sufficiency of the evidence claim a petitioner must prove that no rational trier of fact could have found the existence of facts necessary to establish the offense beyond a reasonable doubt. *Id.* at 325-26. In applying the standard, all evidence is viewed in the light most favorable to the prosecution, *Id.* at 319; *Bujol v. Cain,* 713 F.2d 112, 115 (5th Cir.1983), *cert. denied,* 464 U.S. 1049, 104 S.Ct. 726, 79 L.Ed.2d 187 (1984), and all credibility choices and conflicts in the evidence are resolved in favor of the verdict. *United States v. Graves,* 669 F.2d 964, 969 (5th Cir.1982). Given the evidence recited by the court of appeals, evidence that is taken in a light most favorable to the prosecution, a rational jury could have found the existence of facts necessary to establish the charged offense of murder against petitioner beyond a reasonable doubt. Therefore, under § 2254(d), no relief is available to petitioner on his claim he was denied due process because there was legally insufficient evidence to support his conviction. As for any claim petitioner may be asserting the evidence was factually insufficient, such a claim is not cognizable in a federal habeas corpus proceeding. *See Woods v. Cockrell,* 307 F.3d 353, 358 (5th Cir.2002).

*Ineffective Assistance of Counsel*

When addressing the issue of what a petitioner must prove to demonstrate an actual ineffective assistance of counsel claim, courts look to the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004). In order to show that counsel was ineffective a petitioner must demonstrate:

> first... that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings it cannot be said that the conviction or death sentence resulted in a breakdown of the adversarial process that renders the result unreliable.

*Strickland,* 466 U.S. at 687. In order to demonstrate the second prong of the above-stated test, a petitioner must demonstrate that counsel's deficient performance so prejudiced the defense that petitioner was denied a fair and reliable trial. *Lockhart v. Fretwell,* 506 U.S. 364 (1993). A reviewing court "must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *Wilkerson v. Collins,* 950 F.2d 1054, 1065 (5th Cir. 1992).

The burden of proof in a habeas corpus proceeding attacking the effectiveness of trial counsel is upon petitioner, who must demonstrate counsel's ineffectiveness by a preponderance of the evidence. *Martin v. Maggio,* 711 F.2d 1273 (5th Cir. 1983). In determining the merits of an alleged Sixth Amendment violation, a court "must be highly deferential" to counsel's conduct. *Strickland,* 466 U.S. at 687.

Whether the representation was deficient is determined as measured against an objective standard of reasonableness. *Kitchens v. Johnson*, 190 F.3d 698, 701 (5th Cir. 1999). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *United States v. Jones*, 287 F.3d 325, 331 (5th Cir.2002)(quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir.1983)).

Persons convicted of a crime are also entitled to effective assistance of counsel in their first appeal of right. *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *Green v. Johnson,* 160 F.3d 1029, 1043 (5th Cir. 1999). The two-prong *Strickland* test applies to claims of ineffective assistance of counsel by both trial and appellate counsel. *Styron v. Johnson,* 262 F.3d 438, 450 (5th Cir. 2001). On appeal, effective assistance of counsel does not mean counsel who will raise every nonfrivolous ground of appeal available. *Green v. Johnson,* 160 F.3d at 1043. Rather, it means that counsel must have performed in a reasonably effective manner. *Id.* To demonstrate prejudice, the petitioner must "show a reasonable probability that, but for his counsel's unreasonable

failure ..., he would have prevailed on his appeal." *Briseno v. Cockrell,* 274 F.3d 204, 207 (5th Cir. 2001) (citations omitted).

Under the AEDPA, a determination of a factual issue made by a State court shall be presumed to be correct, and the petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. In *Murphy v. Johnson*, the Fifth Circuit expressed that "[a] full and fair hearing does not necessarily require live testimony." *Murphy v. Johnson*, 205 F.3d 809, 816 (5th Cir. 2000). The burden to rebut the presumption of correctness remains on Petitioner even if the state "hearing was a 'paper' hearing and may not have been full and fair." *Morrow v. Dretke*, 367 F.3d 309, 315 (5th Cir. 2004) (citing *Valdez v. Cockrell*, 274 F.3d 941, 950-51 (5th Cir. 2001). The presumption of correctness also applies to mixed questions of law and fact. *Valdez*, 274 F.3d at 948 n.11 ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."). Findings of fact may be implied from conclusions of law. *See Goodwin v. Johnson*, 132 F.3d 162, 183-84 (5th Cir. 1997).

 a. <u>Trial Counsel</u>

Petitioner complains that his trial counsel was ineffective for failing to make objections at trial regarding evidence that was admitted and perjured testimony. Petitioner also complains that counsel made statements at opening argument which infected the jury and deprived him of a fair trial.

Petitioner complains of the admission of a recording of petitioner and his co-conspirator, Henry Willis. However, counsel did object to the content of the tape, requesting that a portion of the tape be redacted, and his objection was sustained. Counsel did not object to the enhanced recording because the only difference was that the background noises in the enhanced recording had been reduced and the voice level was made more audible. Thus, petitioner's complaint is without merit.

Petitioner also alleges counsel was ineffective for failing to object to perjured testimony of the state's witness, Dr. Tommy Brown, the pathologist. However, counsel cross-examined the witness and attempted to raise inconsistencies in his testimony. Petitioner has failed to provide evidence of testimony that would have been properly objectionable. Counsel is not required to file frivolous motions or make frivolous objections. *Green v. Johnson*, 160 f.3d 1029, 1037 (5th Cir. 1998), *cert. denied*, 525 U.S. 1174 (1999). Thus, petitioner's claim is without merit.

Further, petitioner complains that counsel was ineffective for stating that petitioner would testify at trial during his opening statement, when he did not testify. However, in the state habeas proceedings, counsel stated petitioner had told him he would testify and counsel fully expected him to testify at the time he made the statement. The state court found that the trial strategy of telling the jury in advance petitioner would testify was not ineffective assistance given the advantages of telling the jury and the fact that petitioner's testimony was essential to the defense in this case. Petitioner has failed to show that counsel's performance was deficient or that he was prejudiced.

Petitioner has not shown that counsel's representation was deficient or that he was prejudiced. Accordingly, petitioner has failed to show that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Thus, petitioner's claims should be denied.

  b. Appellate Counsel

Petitioner claims appellate counsel was ineffective for failing to properly raise grounds on appeal. However, appellate counsel has no duty to bring frivolous claims on appeal; and the opposite is also true. *See United States v. Burleson,* 22 F.3d 93, 95 (5th Cir. 1994). There is no constitutional right for appellate counsel to pursue nonfrivolous points as requested by his client if counsel makes a professional judgment not to present those points. *Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Petitioner has failed to show counsel's performance was deficient for

failing to bring frivolous claims on appeal. Further, petitioner has failed to show how he was prejudiced.

For the reasons set forth above, petitioner has failed to show that the state court adjudication was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Accordingly, petitioner's grounds for review should be denied.

## ORDER

For the reasons set forth above, petitioner's petition for writ of habeas corpus should be denied. It is therefore

**ORDERED** that the above-styled petition is **DENIED**. A final judgment will be entered in this case in accordance with this memorandum.

**SIGNED** this the **16** day of **March, 2010.**

_____
Thad Heartfield
United States District Judge